**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RICHARD L. MITE,<br><br>              Plaintiff,<br><br>v.<br><br>JAY BRAY, *et al.*,<br><br>              Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 22-6665 (KMW-AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

**Richard L. Mite,** *pro se*
128 Woodland Avenue
Pleasantville, NJ 08232

**Harold L. Kofman, Esquire**
McCalla Raymer Leibert Pierce LLC
485 Route 1 South
Building F, Suite 300
Iselin, NJ 08830
*Counsel for Defendants Jay Bray, Michelle Gallegos, and Mr. Cooper, doing business as Nation Star Mortgage, LLC*[1]

**WILLIAMS, District Judge:**

This matter comes before the Court by way of Defendants Jay Bray ("Bray"), Michelle Gallegos ("Gallegos"), and Nationstar Mortgage LLC's ("Nationstar") (collectively, the "Defendants") Motion to Dismiss ("Motion") Plaintiff Richard L. Mite's ("Plaintiff") Complaint, which Plaintiff appears to oppose by way of an Amended Complaint.[2] ECF No. 10. For the reasons

---

[1] Defense counsel states that Defendant "Nationstar Mortgage LLC" is improperly named "Mr. Cooper d/b/a/ Nationstar Mortgage LLC, Jay Bray and Michelle Gallegos" in the instant action. ECF No. 8-1 at 2. As the Court does not, in this instance, address the substantive claims against Jay Bray, Michelle Gallegos, and Mr. Cooper, doing business as Nation Star Mortgage LLC, the Court addresses the instant Motion to Dismiss as it relates to all three defendants. In reviewing the record in this matter, the Court will refer to "Nation Star Mortgage, LLC" as "Nationstar Mortgage LLC." ECF Nos. 8-1, 8-4.

[2] Plaintiff appears to have filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) which states, in pertinent part:

that follow, Defendants' Motion is **DENIED**. The Court grants Plaintiff until April 29, 2024, to properly serve Defendants.

1) On July 30, 2018, Plaintiff executed a promissory note in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Greentree Mortgage Company, L.P. and its successors and/or assignees (the "Lender") in exchange for a loan in the amount of $35,612.00, which was secured by a mortgage (the "Mortgage") on property located in Pleasantville, New Jersey. Declaration of Harold L. Kofman, Esq. ("Kofman Decl.") ¶ 2 at Ex. A, ECF No. 8-3. The note contained an agreement stating, in part, that the Lender

> may . . . in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
>
> (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
> (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

*Id.* Following an assignment of the Mortgage in March 2019, Nationstar became the holder of the note and Mortgage. *Id.* ¶ 3 at Ex. B, ECF No. 8-4.

---

(1) A party may amend its pleading once as a matter of course no later than:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, Plaintiff has not complied with Rule 15(a) as he did not file his amended pleading 21 days after service of Defendants' Motion. Defendants' Motion was filed on August 9, 2023, and Plaintiff filed his Amended Complaint on September 21, 2023, 43 days later. In addition, he did not file the Amended Complaint with Defendants' written consent or leave from this Court. While the Court affords certain procedural flexibilities to *pro se* litigants, there are limits to that flexibility. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). *Pro se* litigants "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Id.* Accordingly, in addressing the instant motion, the Court will not consider Plaintiff's Amended Complaint.

2) In a September 2019 mortgage billing statement sent to Plaintiff, Nationstar stated that Plaintiff could mail to a Dallas, Texas address a "Qualified Written Request"[3] pursuant to "RESPA"[4] regarding the servicing of Plaintiff's loan, including any errors with respect to the loan or information requests. *Id.* ¶ 4 at Ex. C, ECF No. 8-5. On March 10, 2022, Plaintiff sent a letter to the Dallas address expressing his refusal to make any further payments on his mortgage loan "pursuant to 15 USC 1692(c)," claiming he had received "threatening letters of pre-foreclosure without [his] consent." *Id.* ¶ 5 at Ex. D, ECF No. 8-6. He further demanded payment of $10,000 and title to his property. *Id.* A few weeks later, on March 26, 2022, Plaintiff sent a second letter to Nationstar[5] wherein he rejected a modification agreement that had been offered by Nationstar and requested that he be "refunded on the alleged debt and for [his] account to be zeroed out." *Id.* ¶ 6 at Ex. E, ECF No. 8-7. On November 4, 2022, Nationstar sent a letter to Plaintiff notifying him of his default on the Mortgage and stating that Plaintiff was required to pay $6,574.68 to cure the default. *Id.* ¶ 8 at Ex. G, ECF No. 8-9. On November 9, 2022, Nationstar sent a letter to Plaintiff notifying him that his mortgage was referred to foreclosure, to which Plaintiff responded with a letter stating he was "willing to pay off" his account but requested "documentary evidence" regarding his account. Compl. at Exs. G,H, ECF No. 1-1.

3) On November 17, 2022, Plaintiff initiated the instant action, alleging Nationstar was negligent in failing to provide him with options to avoid foreclosure, failed to disburse "tax

---

[3] The billing statement defines a "Qualified Written Request" or "QWR" as "written correspondence (other than notice on a payment coupon or other payment medium supplied by the servicer) that includes, or otherwise enables the servicer to identify, the name and account of the borrower, and includes a statement of the reasons that the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower." *Id.* ¶ 4 at Ex. C, ECF No. 8-5.

[4] "RESPA" is not defined on the billing statement, but the Court notes the acronym is used to refer to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607.

[5] Plaintiff sent this correspondence to a Coppell, Texas address, which is the return address listed on Plaintiff's September 2019 mortgage billing statement. *Id.* ¶ 4 at Ex. C, ECF No. 8-5.

3

payments, proceeds, and interest," threatened to foreclose "on [his] property without [Plaintiff's] consent," and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. *See* Compl., ECF No. 1. Plaintiff states a "notice of dispute" was reported to Bray but it is unclear how Gallegos is implicated in the instant action.[6] Compl., ECF No. 1. A few days later, on November 21, 2022, the Clerk of Court issued a summons to be served on Defendants. ECF No. 4.

4) On February 8, 2023, Plaintiff filed a submission on the docket titled "Acknowledgment of Service," in which he stated Defendants "and it's [r]egistered [a]gent" were served with a copy of the summons and Complaint by certified mail. ECF No. 5. On April 28, 2023, Plaintiff filed a second "Acknowledgement of Service" again stating Defendants were served by certified mail. ECF No. 6. In this second submission, Plaintiff attached certified mail receipts for the service he effectuated on Nationstar and Gallegos and a return receipt and mail tracking history for the service effectuated on Bray. *Id.* The certified mail receipts and return receipt demonstrate Plaintiff's attempt to mail the summons and Complaint to each of Defendants using the same Dallas, Texas address noted on his September 2019 billing statement. *Id.* Thereafter, this Court issued a Notice of Call for dismissal pursuant to Local Civil Rule 41.1(a) and Defendants filed the instant Motion. ECF Nos. 7, 8. Plaintiff has not made any other attempts to serve Defendants. ECF No. 8-1 at 5.

5) "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts

---

[6] Defendants state Bray is the president of Nationstar. ECF No. 8-1 at 4, Kofman Decl. at Ex. F, ECF No. 8-8. Plaintiff attached to his Complaint a correspondence he received from Nationstar which identifies Gallegos as a loan specialist. Compl. at Ex. E, ECF No. 1-1. While Plaintiff's allegations as they relate to Gallegos are unclear from his Complaint, the Court, at this juncture, limits its analysis to service of process.

4

jurisdiction over the person of the party served.'" *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (alteration in original) (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)). When a plaintiff fails to serve a defendant with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure, the action may be dismissed under Rule 12(b)(2) for lack of personal jurisdiction or under Rule 12(b)(5) for insufficient service of process. *See Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998). Plaintiff, the party responsible for effecting service, has the burden of demonstrating the validity of service. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Courts liberally construe the pleadings and complaints of *pro se* plaintiffs, granting *pro se* litigants some degree of leniency, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but they must ultimately comply with the same rules that apply to all litigants, *see supra* n.2. Plaintiff, proceeding *pro se*, names three defendants in the instant action – Nationstar, a limited liability company ("LLC"), and Bray and Gallegos, individual defendants. The Court, in turn, addresses service of process on an LLC, service of process on an individual, and the validity of Plaintiff's service of process on each of the Defendants.

6) As Nationstar is an LLC, the Court evaluates service of process under the applicable federal and state rules for an LLC. Under Federal Rule of Civil Procedure 4(h)(1), an LLC, when served in the United States, must be served either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A), (B); *see Dante v.*

5

*Schwartz*, No. 20-1047, 2023 WL 4420287, at *1 (D.N.J. July 10, 2023). Rule 4 prohibits service of a summons and complaint by a party. *See* Fed. R. Civ. P. 4(c).

7) Here, it appears Plaintiff sent a copy of the summons and Complaint to Nationstar by certified mail, as the record contains a copy of the mail receipt. Plaintiff also represents the summons and Complaint was delivered to Nationstar on November 21, 2022. However, service by a party is expressly prohibited by Rule 4. *See* Fed. R. Civ. P. 4(c). Moreover, service by mail, alone, is insufficient to effectuate service in accordance with Rule 4(h). *See Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d. 598, 602 (D.N.J. 2003). The rule also requires personal delivery of a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The record does not indicate an officer, managing or general agent, or any other agent of Nationstar that is authorized to receive service of process received the summons and Complaint by way of personal delivery. While Plaintiff indicates services was made on a "registered agent," he fails to establish who that individual is and whether that individual can accept service on behalf of Nationstar. Accordingly, Plaintiff's attempt to effectuate service upon Nationstar does not meet the requirements under Rules 4(c) or 4(h)(1).

8) In addition to serving an LLC by personal service upon an officer or agent and by mail, Rule 4(h) allows a party to serve an LLC by effecting service in a manner prescribed by Federal Rule of Civil Procedure 4(e)(1). The rule requires effecting service pursuant to the law "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). As this Court is located in New Jersey and Plaintiff appears to attempt to serve Nationstar in Texas, service of an LLC under New Jersey or Texas law governs service of Nationstar.

9) Under New Jersey Rule 4:4-4(a)(6), service upon an LLC may be performed by personal service upon "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." *See Dante*, 2023 WL 4420287, at *2. Furthermore, the New Jersey Rules prohibit that service be effectuated by an individual that has a direct interest in the litigation, instead requiring that service be completed by a sheriff, a person specially appointed by the court, a plaintiff's attorney or the attorney's agent, or by any other competent individual. N.J. Rule 4:4-3(a). As explained above, Plaintiff represents a copy of the summons and Complaint was served to Nationstar and its registered agent by certified mail. Plaintiff does not establish in the record before this Court that personal service was made to a statutorily authorized officer or agent of Nationstar.[7] Finally, it appears Plaintiff himself effectuated service, which is expressly prohibited under the New Jersey Rules. Accordingly, Plaintiff's attempt to effectuate service upon Nationstar does not meet the requirements under New Jersey law.

10) Texas law provides that "[f]or the purpose of service of process, notice, or demand . . . each manager of a manager-managed domestic or foreign [LLC] and each member of a member-managed domestic or foreign [LLC] is an agent of that [LLC]." Tex. Bus. Orgs. Code Ann. § 5.255. Pursuant to Texas Rule of Civil Procedure 106, service must be completed by in-person service or mail in the following manner, unless the citation or court order directs otherwise: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt

---

[7] Alternatively, Plaintiff does not assert "by affidavit satisfying the requirements of [N.J. R. 4:4-5(b)] that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," and that Plaintiff therefore mailed a copy of the summons and Complaint pursuant to the requirements under New Jersey Rule 4:4-4(b)(1)(C).

7

requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106. Texas Rule 103 states that service may only be made by persons authorized by law or court order who are not "a party to or interested in the outcome of a suit." Tex. R. Civ. P. 103. Texas Rule 103 further states that "[s]ervice by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending." Tex. R. Civ. P. 103. Here, Plaintiff has not served Nationstar pursuant to the requirements under Texas law. Plaintiff does not appear to have effectuated in-person delivery of the summons and Complaint to Nationstar. Rather, it appears he attempted to serve Nationstar himself by certified mail, which is explicitly prohibited under Texas law, instead of requesting that the Clerk of Court of this District, where the instant action is currently pending, effectuate service. Consequently, Plaintiff has failed to meet the service requirements under the Texas law.

11) Next, as to serving Bray and Gallegos, the Court looks to the service requirements under Federal Rule of Civil Procedure 4(e), which establishes the methods for effecting service upon individual defendants. Under Rule 4(e), individuals may be served "(1) personally, (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age who resides there, (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process, or (4) following the state law where the Court is located or where service is made for serving a summons." *See Fanor v. Univ. Hosp.*, No. 16-320, 2016 WL 4728104, at *2 (D.N.J. Sept. 9, 2016). As this Court is located in New Jersey and it appears Plaintiff is attempting to serve Bray and Gallegos in Texas, service of an individual defendant under New Jersey or Texas law governs service of Bray and Gallegos pursuant to Fed. R. Civ. P. 4(e).

8

12) As New Jersey Rule 4:4-4(a) mirrors Rule 4(e) regarding service of process of individual defendants, *see Fanor*, 2016 WL 4728104, at *2, the following analysis applies to service made under the Rule 4 and New Jersey law. Here, the record does not reflect that Plaintiff attempted to effectuate service on either Bray or Gallegos personally, that Plaintiff left a copy of the summons and Complaint at Bray or Gallegos' "usual place of abode with someone of suitable age who resides there," or that Plaintiff delivered a copy of the summons and Complaint to an agent authorized by appointment or law to receive service of process for Bray or Gallegos. Plaintiff represents Bray and Gallegos and their registered agents were served with copies of the summons and Complaint by certified mail to the Dallas, Texas address listed on his September 2019 billing statement, which is an address of Nationstar. Service at a defendant's workplace does not satisfy Rule 4(e) or New Jersey Rule 4:4-4(a). *See Fanor*, 2016 WL 4728104, at *2 (collecting cases). Furthermore, Plaintiff states the "registered agent" of Bray and Gallegos was served but does not identify the agents or establish that the agents could accept service on behalf of either Bray or Gallegos. In addition, the return receipt for the summons and Complaint mailed to Bray indicates that "Jeffrey Kobow" accepted delivery. It is unclear to the Court who Jeffrey Kobow is and whether he is an agent authorized to receive service of process for Bray. Finally, it appears Plaintiff himself effectuated service. As previously stated, service effectuated by a party or someone who has a direct interest in the litigation is prohibited under the federal rules and New Jersey law. Accordingly, Plaintiff has not satisfied the requirements under Federal Rule 4(e) or New Jersey law for service of process on Bray and Gallegos.

13) Under the Texas Rule 106(a), service of an individual defendant may be accomplished by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail,

9

return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). If "the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c). Accordingly, "if the return receipt is not signed by the addressee, the service of process is defective." *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001); *see also Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010). As stated previously, Texas Rule 103 provides that service may only be made by persons authorized by law or court order who are not a party or have an interest in the outcome of the suit. Tex. R. Civ. P. 103.

14) Here, Plaintiff's attempt to serve Bray and Gallegos by certified mail does not meet the requirements for service under Texas law. It appears Plaintiff himself attempted to serve Bray and Gallegos by certified mail, which is expressly prohibited under Texas Rule 103. Moreover, Plaintiff did not submit a return receipt with either of their signatures. Instead, Plaintiff only submitted a return receipt for Bray with the signature "Jeffrey Kobow." Plaintiff did not submit to this Court a return receipt for Gallegos and, therefore, this Court is unable to determine whether Gallegos signed the return receipt for the summons and Complaint mailed to her. Accordingly, Plaintiff has not satisfied the requirements under Texas law for service of process on Bray and Gallegos.

15) Notwithstanding the requirements for completing service of process, Federal Rule of Civil Procedure 4(m) provides a time limit for effectuating service. Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

10

Fed. R. Civ. P. 4(m). Here, Plaintiff has failed to complete service of process on Defendants within 90 days of the filing of the Complaint. Plaintiff filed the Complaint on November 17, 2022. A copy of the summons and Complaint appears to have been received by Bray on November 21, 2022, albeit an improper method of effecting service under the Federal Rules of Civil Procedure and New Jersey and Texas law. Plaintiff represents Defendants were served on November 21, 2022 but, as discussed above, the record before this Court does not establish that Defendants were served properly. To date, it has been 498 days since Plaintiff filed the Complaint, long past the 90-day requirement outlined in Rule 4(m). Plaintiff does not clearly dispute that he failed to properly serve Defendants within 90 days of filing his complaint. Rather, as previously noted, Plaintiff presents certified mail receipts for the service effectuated on Nationstar and Gallegos and a return receipt and mail tracking history for the service effectuated on Bray. ECF No. 6.

16) The Court must conduct a two-part analysis in determining whether to extend time under Rule 4(m). *Davis v. Samuels*, 962 F.3d 105, 116 (3d Cir. 2020). First, the Court determines "whether good cause exists for a plaintiff's failure to effect timely service." *Id*. Second, if good cause exists, the Court must grant an extension of time to serve process. *Id*. If good cause does not exist, the Court must consider, in its discretion, whether it should grant an extension of time. *Id*.

17) In determining whether good cause exists for extending time for Plaintiff to serve process, the Third Circuit equates "good cause" under Rule 4(m) with "excusable neglect" under Rule 6(b), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Sunoco v. Mid-Atl. Region Retailer Compliance Ctr.*, No. 10-4941, 2011 WL 4810915, at *3 (D.N.J. Oct. 7, 2011) (quoting *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). A finding of good cause is generally based on the plaintiff's reason for delay.

*Witasick v. Estes*, No. 11-3895, 2012 WL 3075988, at *2 (D.N.J. July 30, 2012). In determining whether good cause exists, the Court may consider the "(1) reasonableness of plaintiff's efforts to serve[,] (2) prejudice to the defendant by lack of timely service[,] and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomm. Corp.*, 71 F.3d at 1097. The "good cause" requirement of Rule 4(m) protects "diligent plaintiffs who, though making every effort to comply with the dictates of the rule, nonetheless exceed [the limit for service of process]." *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 880 (3d Cir. 1987).

18) Here, the Court finds good cause to extend time for Plaintiff to complete service of process despite the fact that Plaintiff's attempts, to date, have not been compliant with Rule 4 of the Federal Rules of Civil Procedure. While Plaintiff fails to provide a basis for failing to properly serve Defendants within 90 days of filing his Complaint, Plaintiff, who brings this action *pro se*, has nonetheless demonstrated his attempts to serve Defendants. Plaintiff submitted two filings on the docket in which he represents Defendants were served copies of the summons and Complaint by certified mail. Plaintiff further provided certified mail receipts for the service effectuated on Nationstar and Gallegos and a return receipt and mail tracking history for the service effectuated on Bray. It appears Plaintiff did not move for an enlargement of time to serve because he thought he properly served Defendants in the first instance. Moreover, Defendants have not argued that they would be prejudiced by Plaintiff's lack of timely service. Lastly, the Court gives Plaintiff greater leeway as a *pro se* litigant. In light of these circumstances, the Court finds good cause warrants an extension of time to serve process.

19) As Plaintiff has failed to effectuate proper service of the summons and Complaint on Defendants, the Court does not, in this instance, address Defendants' additional arguments with respect to the legal deficiency of Plaintiff's claims.

## ORDER

**IT IS** this 28th day of March, 2024, hereby

**ORDERED** that Defendants' Motion to Dismiss [ECF No. 8] is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff shall properly serve Defendants by **April 29, 2024**; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Opinion and Order on Plaintiff via regular U.S. mail.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE